REQUESTED BY: Mike Boyle, Douglas County Election Commissioner.
1. When a person who resides in the district owns more than one lot in the district, is that person entitled to cast a resident ballot for each of those lots, or is that person entitled to cast a resident ballot for only the lot on which he or she actually resides.
2. May a corporation designate an officer or employee as an agent to run as a candidate for trustee, even though that person neither resides in the district, nor owns property within the district?
3. If a candidate for trustee is elected both on the ballot on which he was a listed candidate and on the other ballot, resident or nonresident as the case may be, as a write in what is the result?
4. How is such a vacancy filled?
1. A resident owner casts all of his or her votes for all units owned in the district as a resident.
2. No. To be eligible for the position of trustee an individual must own property in the district.
3. The candidate accepts election to one position and a vacancy exists for the other.
4. The remaining trustees select a person to fill the vacancy until the next scheduled election.
Provision for the selection of trustees for sanitary and improvement district and for the conduct of elections in such districts are found in section 31-735, R.R.S. 1943. It should be noted at the outset that provision for such elections is found in chapter 31 and not in chapter 32 where the majority of the election laws are found. Therefore, the provisions of section 32 are not directly applicable to election questions arising from sanitary and improvement district elections.
Your first question deals with the manner in which a person who resides in the district casts his vote for the position of trustee. Specifically you ask when a person who resides in the district owns more than one lot in the district is that person entitled to cast a resident ballot for each of these lots, or is that person entitled to cast a resident ballot for only the lot in which he or she actually resides. Section 31-735, supra, provides in this regard, `Any person may cast one vote for each trustee for each acre of unplatted land or fraction thereof and one vote for each platted lot which he may own in the district.' Therefore, it is our opinion that a resident owner casts all of his or her votes for all units owned in the district as a resident.
Secondly you ask whether or not a corporation owning property within a district may designate an officer or employee as an agent to run as a candidate for the position of trustee even though that individual person neither resides in the district nor owns property within the district. Section31-735, supra, provides `Such trustees shall be owners of real estate located in the district.' Therefore, while the corporation might designate a person to run as its designated candidate the person so designated would have to be an owner of real estate located in the district.
You have also asked what the result would be if a candidate for trustee were to be elected both on the resident ballot and on the nonresident ballot. This result could apparently occur if a person who for example was a resident candidate and was so listed on the printed ballot were to also receive enough write in votes on the nonresident ballot even though not listed to be elected as well. Section31-735, supra, provides for write in candidates and specifically provides that such write in candidates may be elected to the office of trustee. If such a result were to occur the statute is silent on what the result would be but it would be our opinion that the candidate would then accept election to one or the other position and that by so doing he would create a vacancy on the board. In the event of such a vacancy section 31-735, supra, provides in its very last sentence: `In case of a vacancy on said board the remaining trustees shall fill the vacancy on said board until the next election.' We believe that this language would be dispositive of the situation.